UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
COPYWATCH, INC.

             Plaintiff                          Index No.: 7:20-cv-08274-NSR-JCM

      -against-                       **STIPULATED**
                                       **CONFIDENTIALITY**
GEORGIA-PACIFIC LLC               **AGREEMENT AND**
                                         **<u>PROTECTIVE ORDER</u>**

             Defendant.
----------------------------------------------------------------x

JUDITH C. McCARTHY, U.S.M.J.:

      **WHEREAS**, all of the parties to this action (collectively, the "Parties" and each, individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

      **WHEREAS**, the Parties, through their undersigned counsel, agree that the following terms shall govern the disclosure and use of information of any kind produced or disclosed in the course of discovery in this action ("Discovery Material"); and

      **WHEREAS**, the Court finds that good exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

      **IT IS HEREBY ORDERED** that any person subject to this Protective Order—including without limitation, the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

      1.      All Discovery Material produced or disclosed in connection with this action shall be used solely for the prosecution or defense of this action (including any appeal therefrom), and not for any other purpose or in any other litigation proceeding.

2.      With respect to Discovery Material that a person has designated as "Confidential" pursuant to this Protective Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3.      The Party or person producing or disclosing Discovery Material (a "Producing Party") may designate as Confidential the Discovery Material that it reasonably believes in good faith consists of:

(a)     previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)     previously nondisclosed material relating to ownership or control of any non-public company;

(c)     previously nondisclosed business plans, product development information, or marketing plans;

(d)     any information of a personal or intimate nature regarding any individual; or

(e)     any other category of information hereinafter given confidential status by the Court.

4.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such Discovery Material as "Confidential" by: (a) stamping or otherwise clearing marking as "Confidential" the Discovery Material in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the report and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel

receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or its counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6.       If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

7.       Nothing in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or evidence.

8.       Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)       the Parties to this action, their insurers, and counsel to their insurers;

(b)       counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

(c)       outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)       any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)       as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)       any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)       any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)       stenographers engaged to transcribe depositions the Parties conduct in this action;

(i)      this Court, including any appellate court, its support personnel, and court reporters; and

(j)      any other person upon written agreement of the Parties or order of the Court.

9.      Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(8), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.      This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential

11.      In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. Any Party that seeks to file Confidential Discovery Material under

seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

12.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

13.     Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     If, in connection with this litigation, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17.     If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

18.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing Party shall produce a privilege with respect to the Inadvertently Disclosed Information.

19.     As with any information redacted or withheld, the receiving Party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

20.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

21.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Discovery Material produced or designated and all

reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option

of the Producing Party.

22.     This Court will retain jurisdiction over all persons subject to this Order to the extent

necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt

thereof.

**SO STIPULATED AND AGREED.**

THE LAW OFFICES OF                          BARNES & THORNBURG LLP
MICHAEL J.S. PONTONE, ESQ. P.C.

By:                                          By:
_____                      _____
Michael J.S. Pontone, Esq.                   Niraj J. Parekh, Esq.
One Liberty Plaza, 23rd Floor                445 Park Avenue, Suite 700
New York, New York 10006                     New York, New York 10022
Tel: (212) 518-4093                          Tel: (646) 746-2000

*Attorneys for Plaintiff CopyWatch, Inc.*     *Attorneys for Defendant Georgia-Pacific LLC*

Dated: July 29, 2021
       New York, New York

                          **SO ORDERED.**

                          _____ 7-31-2021
                          JUDITH C. McCARTHY, U.S.M.J.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
COPYWATCH, INC.

        Plaintiff                          Index No.: 7:20-cv-08274-NSR

      -against-                     **NON-DISCLOSURE AGREEMENT**

GEORGIA-PACIFIC LLC

        Defendant.
---------------------------------------------------------------x

      I, _____, acknowledge that I have received the Protective Order in this action governing the non-disclosure of the Discovery Material and information designated as Confidential, and that I have read and understand its provisions. I will comply with all of the provisions of such Protective Order, and further agree that I will not disclose any Confidential Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will return all Discovery Material to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                               Name: _____

                               Dated: _____